IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN TACKETT, Y46731, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID MITCHELL, ) | |
| MEYERS, ) | Case No. 22-cv-1260-DWD |
| CHRISTINE BROWN, ) | |
| NURSE HILL, ) | |
| BILL LOY, ) | |
| MARTIN, ) | |
| LANE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On October 26, 2023, the Court denied Plaintiff's original Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 35) on the premise that the Defendants had satisfactorily demonstrated that he was receiving ongoing medical care, including specialist visits. (Doc. 57). The claims in this lawsuit concern treatment for ongoing lung/sinus complications at Pinckneyville Correctional Center, and now Robinson Correctional Center (Robinson). On December 27, 2023, Plaintiff filed a Second Motion for a Preliminary Injunction (Doc. 74), to which the Court directed a response and a supplemental response (Docs. 76, 82). Plaintiff has also filed a "reply" which is really a supplement to his Motion. (Doc. 83). For the foregoing reasons, the Court will deny Plaintiff's Motion because he is still receiving ongoing care.

The operative claims in this lawsuit are as follows:

**Claim 1:** Eighth Amendment deliberate indifference claim against Defendants Dr. Myers and Nurse Hill for their treatment of Plaintiff's ongoing lung issues from approximately October 2021 thru his transfer to Robinson in 2022;

**Claim 2:** Eighth Amendment deliberate indifference claim against Defendants Warden Mitchell and Healthcare Administrator Brown for their handling of Plaintiff's grievances about the lung issues;

**Claim 4:** Eighth Amendment deliberate indifference claim against Defendants Bill Loy, Martin, and Lane for failing to ensure adequate follow-up care for Plaintiff's chest/lung infection or condition after his admission o Robinson up until present.

(Docs. 17, 42).

In the Second Motion for Preliminary Injunction, Plaintiff explained that he had been referred to a neurologist after his last visit with an ENT specialist in November of 2023, but as of the end of December 2023, he had yet to see a neurologist. (Doc. 74 at 2-3). Plaintiff further stated that the permanent doctor at his facility (Robinson) resigned at the end of December, and there was no comparable on-site provider to see him for any follow-up needs. Plaintiff sought an order directing that his neurology appointment take place, that he have an MRI of his lungs, and/or that he be released to home confinement to seek his own care. (Doc. 74 at 4; Doc. 83).

The Defendants'[1] initial response indicated that a physician at Robinson had reviewed notes from the ENT visit in early December, and that a neurology consult was

---

[1] There are two groups of defendants in this action that have different counsel. There are two medical providers from Pinckneyville (Defendants Dr. Myers and LPN Hill) who no longer have any control over Plaintiff's care at Robinson. The same counsel also represents Defendant Lane—the medical records director who has no authority to personally offer treatment. This group has filed two responses. (Docs.

recommended.  (Doc. 81 at 5).  However, Defendants admitted the consult was not yet scheduled.  (*Id.*)  As for the on-site doctor, Defendants admitted that the previous medical director had left employment at Robinson, but they indicated that the regional director was seeing patients or consulting concerning their needs in a virtual and telemedicine capacity until the vacancy was filled.  Because it was unclear if Plaintiff was able to access needed treatment without a scheduled neurology visit or an on-site physician, the Court directed supplemental responses.  (Doc. 82).

Based on the supplemental responses, Defendants now indicate that Plaintiff's neurology consult has been scheduled for March of 2024, and he has been seen at sick call as needed.  Some of the sick call visits have resulted in consultations between on-site staff and Dr. Babich (the regional medical director), and these consultations have produced various forms of treatment.  On the information available, it appears that Plaintiff is receiving an ongoing course of care that is responsive to his needs, albeit if a bit imperfect due to staff turnover.  Inmates are not entitled to demand specific care, and there is no medical evidence that suggests the care that Plaintiff is receiving is inadequate to address his needs.  Based on the evidence tendered by the Defendants, the Court does not believe that Plaintiff faces irreparable harm, or that it is necessary to grant injunctive relief to preserve the status quo during this litigation.  As such, Plaintiff's Second Motion for a Preliminary Injunction (Doc. 74) and his supplement[2] (Doc. 83) are **DENIED**.

---

80, 86).  The second group of defendants are employees of the Illinois Department of Corrections, and include Christine Brown, Bill Loy, Phil Martin, and David Mitchell.  They filed one response (Doc. 81), and a motion to join the co-defendants' response (Doc. 87).

[2] In the supplement, Plaintiff seeks a release to home confinement so that he can seek further medical attention.  He attests that he is convinced he has been (or is being) exposed to environmental toxins, which

Defendants' Motion to Join the co-defendants' response (Doc. 87) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 5, 2024

/s David W. Dugan
_____
DAVID W. DUGAN
United States District Judge

---

may be responsible for many of his symptoms. The medical records do not support Plaintiff's bald assertions about his medical condition, and home confinement would be an extremely drastic form of relief that the Court does not find appropriate to address this situation.